# INDEPENDENT LINEN SERVICE, INC. v NEW TROPICAL SUPERMARKETS #1, 2 and 3

## Case No. 90-047-AP

Eleventh Judicial Circuit, Dade County

January 23, 1991

### APPEARANCES OF COUNSEL

Marlowe J. Blake, Esquire, for appellant.

Michael S. Hacker, Esquire, for appellee.

Before GREENBAUM, GOLDMAN, SALMON, JJ.

### OPINION OF THE COURT

SALMON, MICHAEL H., J.

This is an appeal that arises from a final judgment of dismissal entered against Appellant, INDEPENDENT LINEN SERVICE, INC. (INDEPENDENT). The basic issue is whether good cause existed for the delay by appellant in filing a new notice of trial. We believe it did, and reverse.

On December 19, 1988, Independent filed three summary procedure actions in the County Court in and for Dade County, against FOOD-TECH LITTLE HAVANA, INC., d/b/a NEW TROPICAL SUPER-MARKET #1, FOODTECH TAMIAMI, INC., d/b/a NEW TROPICAL SUPERMARKET #2, FOODTECH HIALEAH, INC., d/b/a NEW TROPICAL SUPERMARKET #3. On February 14, 1989, these three matters were consolidated for trial. On January 24, 1989, the Court noticed this case for trial for March 6, 1989. A trial began on March 6, 1989, but it was not completed due to a scheduling impasse by the Court, who asked that the matter be re-set.

On December 7, 1989, more than six months after any record action, INDEPENDENT re-noticed this matter for trial. However, the secretary for INDEPENDENT mailed the notice of trial to the wrong division and under the wrong case number. The mistake resulted from an earlier filing error by INDEPENDENT, who had initially filed action in the Circuit Court under case number 87-33288, believe that appellee was owned by only one corporation and, thus, that the total amount due was over the jurisdictional limits of the County Court.

After discovery revealed that TROPICAL SUPERMARKETS was not owned by one, but by three separate corporations, INDEPENDENT dismissed the action before the Circuit Court, and filed the three County Court complaints which are the subject of this appeal.

Because of clerical error, the re-notice of trial was sent by appellant to the original division and under the original number. Unaware that the case had been re-noticed, although the notice had been filed in the wrong case and in the wrong court, the County Court entered a Motion, Notice and Judgment of Dismissal on December 15, 1989, eight days after action had been re-initiated by appellant. Since this matter had been once dismissed before the Circuit Court, the dismissal for lack of prosecution by the County Court became a final adjudication.

Appellant claims that the filing of a re-notice of trial constitutes affirmative action toward prosecution of the cause thus preventing its dismissal. We agree.

Although mailed to the wrong division and with the wrong case number, appellant, nonetheless, filed a re-notice of trial on December 7, 1989, prior to the Motion, Notice, and Judgment of Dismissal entered by the County Court on December 15, 1989. Since action by appellant had in fact taken place, the Court's dismissal for lack of prosecution was in error.

6

We recognize the frustration of the trial court with these type of clerical errors, however we think it best that the case be tried on its merits.

Reversed and reinstated for further trial proceedings. GOLDMAN and GREENBAUM, JJ., concur.